Robert B. MILTON, et al., Respondents,

v.

Thomas L. HADDOX, Defendant,

Dorn Henry Sticha, Appellant,

Stuart E. Gale, et al., Respondents.

No. CO–84–444.

Court of Appeals of Minnesota.

June 19, 1984.

**362** ■

Leo F. Schumacher, Harvey N. Jones, Hertogs, Fluegel, Sieben, Polk, Jones & LaVerdiere, Hastings, for respondents Milton, et al.

Thomas J. Hunziker, Hanley, Hergott & Hunziker, Minneapolis, for appellant.

Neal J. Shapiro, Bernick & Shapiro, Chartered Minneapolis, for respondents Gale, et al.

Considered and decided by SEDGWICK, P.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

Dorn Henry Sticha appeals from a trial court order compelling the Commissioner of Securities to pay $10,705 to respondent Donn Webster from the Real Estate Education, Research and Recovery Fund established pursuant to Minn.Stat. § 82.34 (1982) to reimburse persons who have been defrauded by licensed real estate salesmen or brokers for out-of-pocket losses.

Respondent obtained a judgment against appellant Sticha and two partners, Gale and Haddox, in the sum of $18,699.60 and against Gale for an additional $1,750 in attorney's fees. The Fund had already reimbursed other claimants for $14,295 in losses on account of Sticha's activities, and the sum here involved was the set-aside balance available. Appellant contends that respondent has not satisfied the statutory precondition to this order that he first attempt to collect his judgment from the judgment debtors or other persons liable to him in the subject transaction and that the order should, therefore, be set aside. We affirm the trial court.

## ISSUE

Did the trial court abuse its discretion in determining that respondent qualified for payment from the Real Estate Recovery Fund?

## DISCUSSION

By order of December 23, 1982, the Dakota County District Court ordered payment to several claimants against the Fund and set aside the balance available to be applied to the claim of respondent Webster who had not yet, as of the time of that order, reduced his claim to judgment.

At trial it was established that one of the partners, Thomas Haddox, was judgment-proof. A settlement was effectuated with defendant Stuart Gale by which he paid the sum of $9,750 to respondent. A writ of execution was obtained against appellant which was returned unsatisfied by the Hennepin County Sheriff.

Prior to the court ordering payment to be made from the Fund, the claimant is required to show, among other things, that:

(f) He has diligently pursued his remedies against all the judgment debtors and all other persons liable to him in the transaction for which he seeks recovery from the * * * fund.

Minn.Stat. § 82.34, subd. 8(f).

■ Application of so general a standard as "diligence" indicates a vesting in the trial court of considerable discretion. This is consistent with the nature of the legislation, which is meant to be remedial. *In re Application of Jones*, 310 Minn. 500, 246 N.W.2d 578 (1976). The Commissioner of Securities is given authority, under subdivision 9 of the statute, to compromise a claim against the Fund (subject to court approval) or to defend against the claim (subdivision 10). The judgment debtor may also defend against the claim.

In this instance the Commissioner supports the application of respondent, citing a laundry list of reasons:

1. Claimant Donn M. Webster has a valid judgment, based upon a claim of fraud, against Appellant Dorn H. Sticha.

2. Sticha has made no attempt to satisfy any portion of that judgment.

3. Under previous orders of the trial court, the Commissioner has already made payment in the amount of $14,295.00 to seven other claimants from the Real Estate Recovery Fund on account of Sticha's activities.

4. Sticha has not objected to any payments except the payment which has been ordered to be made to Donn. M. Webster.

5. All of the claimants against the Fund on account of Sticha's activities, including Webster, have taken the same steps to satisfy their judgments against Sticha and his co-defendants.

6. Webster has in fact obtained partial satisfaction of his judgment from Sticha's co-defendants, including substantial payments by Stuart E. Gale.

7. Sticha's objection to this Order for Payment is untimely, since it was not raised when payment was ordered to be made to the other claimants.

8. It would be unjust and inequitable to require claimant Donn Webster to take additional steps to collect his judgment which were not required of the other claimants.

9. Sticha, whose refusal to satisfy the judgment against him has given rise to this claim, should not now be permitted to object to its payment.

10. The Real Estate Recovery Fund statute is a remedial act of the Legislature, and should be liberally construed to benefit those whom it was intended to protect.

11. The claimant, Donn M. Webster, has in good faith attempted to comply with, and has substantially fulfilled, all requirements of Minn.Stat. § 82.-34, subd. 8.

12. If Sticha does not believe his co-defendants have contributed sufficiently toward satisfaction of this judgment, even though he himself has contributed nothing, he should proceed against them rather than prevent payment to this claimant.

13. Equity and substantial justice require that this claim be paid without further delay.

▆▆▆ The Commissioner's reason number seven is rejected, as the order of December 23, 1982, was not a final order as to respondent; reason number nine is incorrect because Minn.Stat. § 82.34, subd. 13, provides for suspension of a broker's license upon reimbursement being made from the Fund because of his fraudulent conduct and prohibits reinstatement until he has repaid in full *twice* the amount paid, together with interest. Therefore, he certainly must be permitted his objection; it should be further noted that subdivision 10 of the statute explicitly grants him the right to defend. The other reasons are, however, persuasive in view of the relatively neutral status of the Commissioner in these proceedings.

That the court was attuned to the requirement of diligent pursuit cannot be doubted; the district court file reveals an order dated December 29, 1983, directing the Commissioner "to issue to claimant Donn M. Webster the sum of $10,705 currently being held in the [Fund], upon the return of a writ of execution unsatisfied * * * as against Dorn Henry Sticha * * *." Only after another hearing on February 8, 1983, attended by counsel for appellant, respondent and the Commissioner, was a final order for judgment issued.

▆▆▆ The court did not require that all conceivable collection steps be taken against each of the partners, but the statute does not require that. What is required is a showing of diligence, and that is to be evaluated in the light of the remedial nature of the legislation and the authority

of the Commissioner to compromise claims. We are satisfied that the trial court exercised sound discretion in ordering payment to respondent from the Fund.

## DECISION

The order of February 14, 1984, directing the Commissioner to pay over $10,705 from the Minnesota Real Estate Education, Research and Recovery Fund to Donn M. Webster is affirmed.